# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO
Bankruptcy Judge Elizabeth E. Brown

| | |
|---|---|
| In re: ) | |
| ) | |
| SUSAN PATRICE SUKUT ) | Bankruptcy Case No. 05-29075 EEB |
| THOMAS GEORGE SUKUT ) | Chapter 7 |
| ) | |
| Debtors. ) | |
| _____ ) | |
| ) | |
| TRUSTEES OF THE COLORADO ) | |
| LABORERS' HEALTH AND WELFARE ) | |
| TRUST FUND, TRUSTEES OF THE ) | |
| COLORADO CEMENT MASONS' PENSION ) | |
| TRUST FUND, TRUSTEES OF THE ) | |
| COLORADO CEMENT MASONS' JOINT ) | |
| APPRENTICESHIP TRUST FUND ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Adversary Proceeding No. 05-1876 EEB |
| ) | |
| SUSAN PATRICE SUKUT, ) | |
| ) | |
| Defendant. ) | |

**APPEARANCES:**

Miranda K. Hawkins
COUNSEL FOR PLAINTIFF
2401 15th Street, Suite 300
Denver, CO 80202

Darrell M. Daley
Mary V. Sooter
COUNSEL FOR DEFENDANT
1900 15th St.
Boulder, CO 80302

_____

**ORDER**
_____

THIS MATTER comes before the Court on Plaintiffs' motion for summary judgment. Plaintiffs commenced this adversary proceeding, seeking to except their judgment from discharge under 11 U.S.C. § 523(a)(4), on the basis that their debt arises from Ms. Sukut's company's non-payment of employee benefits owed under a collective bargaining agreement. Plaintiffs contend that their prior federal court judgment against the Defendant bars re-litigation of the underlying facts and compels summary judgment in their favor. The Court being otherwise advised in the premises hereby FINDS and CONCLUDES:

## I.      Background and Procedural History

Ms. Sukut allowed the Plaintiffs to obtain a default judgment against her in federal district court. She was an officer and owner of Metro Concrete Works, Inc. ("Metro"). Metro was contractually obligated to make employee benefit contributions on behalf of its employees as required by a collective bargaining agreement. When the company experienced financial difficulties, it failed to make all of the required contributions. As the trustees of the unpaid multi-employer benefit plans, Plaintiffs (the "Trustees") filed suit against both Metro and Ms. Sukut. Among their claims, they alleged that Ms. Sukut, as a person in control of Metro, had breached a fiduciary duty that she owed under the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001-1461 ("ERISA"). When she failed to respond to the complaint, the district court entered a default against Ms. Sukut. The Trustees then filed a Motion for Default Judgment. She again did not respond. Before entering judgment, the court held an evidentiary hearing at which the Trustees offered documentary evidence and proffered the testimony of three witnesses. For reasons unclear to this Court, Ms. Sukut appeared at the hearing, but she did not meaningfully participate. The district court advised Ms. Sukut of her opportunity to participate:

> The Court:   Ms. Sukut, you are allowed to put on any evidence you want to. In addition, you would be allowed to cross-examine Mr. Mustacchio, Ms. Brown or Mr. Needles– they're here– if there are questions you want to ask them.
>
> Is there anything you'd like to – any evidence you'd like to present?
>
> Ms. Sukut:   No.
>
> The Court:   Okay. Anything else?
>
> Ms. Hawkins: I have nothing further, Your Honor.
>
> The Court:   Ms. Sukut, anything else we should talk about this morning?
>
> Ms. Sukut:   No.

Transcript of Evidentiary Hearing on July 19, 2005, at 9 (attached as Exhibit 2 to Brief in

Support of Plaintiffs' Motion for Summary Judgment). This was the extent of her participation in the hearing and in the district court case.

On August 2, 2005, Ms. Sukut filed bankruptcy. Unaware of the filing, on August 10, 2005, the district court entered a Recommendation of the United States Magistrate Judge ("Recommendation"), in which it made detailed findings of fact and conclusions of law concerning both Ms. Sukut's liability and the amount of damages owed. The Recommendation advised the parties that they had ten days to file written objections pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b). Ms. Sukut did not file an objection. Technically, the Recommendation had entered post-petition and, therefore, violated the automatic stay. To cure this defect, the Trustees filed a motion for relief from stay to allow them to obtain a final judgment against Ms. Sukut in the district court action. Ms. Sukut did not contest the motion, and this Court granted it in due course.

Before entering final judgment, the district court again scheduled a hearing to afford Ms. Sukut another opportunity to participate. It offered this additional opportunity "[b]ecause there may be some uncertainty as to the procedural effect of the filing of the magistrate judge's recommendation after the bankruptcy filing and because Susan Sukut is not represented by counsel in this case and may not understand the procedural requirements in this matter, including her opportunity to object to the recommendation." Order For Hearing on Recommendation for Entry of Default Judgment issued October 18, 2005. Nevertheless, she did not appear. On November 3, 2005, the district court entered final judgment against Metro and Ms. Sukut, jointly and severally, in the total amount of $85,345.70.[1]

Plaintiffs contend in this adversary proceeding that collateral estoppel should bar relitigation of the issues decided by the district court, which include Ms. Sukut's status as an ERISA fiduciary, her breach of fiduciary duty under ERISA, and the amount of the Trustees' damages. If the Court were to apply collateral estoppel to the district court judgment, the only issue remaining for this Court would be a legal determination as to whether her breach of fiduciary duty under ERISA constitutes sufficient grounds for non-dischargeability under 11 U.S.C. § 523(a)(4). In her cross motion, she argues that: (1) collateral estoppel does not bar relitigation of the issues decided by the district court; (2) she was not an ERISA fiduciary; and (3) even if Ms. Sukut was an ERISA fiduciary, she was not a fiduciary for purposes of Section 523(a)(4) of the Bankruptcy Code. This Court has held the other issues raised in Ms. Sukut's cross motion for summary judgment in abeyance until it has ruled on the application of collateral estoppel.

---

[1] The $85,345.70 is comprised of $32,945 for unpaid employee contributions, $23,573.36 for interest, $23,573.36 for an additional amount of interest in lieu of liquidated damages and $5,253.98 for attorneys' fees and costs. The Trustees have not claimed that the attorneys' fees and costs are nondischargeable, and accordingly, they are presently seeking a determination that only $80,091.72 of their total claim is nondischargeable.

3

**II.	Discussion**

*A.	Standards for Granting Summary Judgment*

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In applying this standard, the Court examines the factual record in the light most favorable to the nonmoving party. *See Wolf v. Prudential Ins. Co. of Am.*, 50 F.3d 793, 796 (10th Cir. 1995).

*B.	Elements of Collateral Estoppel*

The bankruptcy court ultimately determines whether a debt is non-dischargeable under Section 523,[2] but a prior court judgment may preclude the re-litigation of settled facts under the doctrine of collateral estoppel. *Klemens v. Wallace (In re Wallace)*, 840 F.2d 762, 764-65 (10th Cir. 1988). The preclusive effect given in federal court to a prior federal decision is a question of federal law. *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 507 (2001). In *Dodge v. Cotter Corp.*, 203 F.3d 1190 (10th Cir.2000), the Tenth Circuit has held that collateral estoppel applies to prevent relitigation of the issues decided in a federal court where:

1.	the issue previously decided is identical with the one presented in the action in question,

2.	the prior action has been finally adjudicated on the merits,

3.	the party against whom the doctrine is invoked was a party, or in privity with a party, to the prior adjudication, and

4.	the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.

*Id.* at 1197-98. Collateral estoppel "attaches only '[w]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment.'" *Arizona v. California*, 530 U.S. 392, 414 (2000) (quoting Restatement (Second) of Judgments § 27, at 250 (1982)).

*C.	Analysis*

This matter raises the question of whether the issues were "actually litigated." The

---

[2] All references to "Section" herein shall mean Title 11, United States Code, unless otherwise specifically noted.

primary purpose of the doctrine of collateral estoppel is to "protect parties from multiple lawsuits, prevent the possibility of inconsistent decisions, and conserve judicial resources." *Hill v. Putvin (In re Putvin)*, 332 B.R. 619, 624-25 (10th Cir. BAP 2005). In the case of the classic default judgment, in which a court enters default against a party due to a failure to answer the complaint, neither party has borne the expense of discovery and litigation, beyond the initial filing of the complaint and the motion for a default judgment. No time is wasted preparing for trial and awaiting a decision. In considering the application of collateral estoppel, some courts acknowledge that a defendant may be focused on preparing for a future bankruptcy filing, assuming that any default judgment entered can be discharged through his bankruptcy. *See Evans v. Dunston (In re Dunston)*, 146 B.R. 269 (D. Colo. 1992). Once the defendant is faced with a non-dischargeability proceeding, he may then have sufficient motivation to defend against the charges.

As a result, the federal courts have held, as a general rule, that a default judgment entered in a federal court will not support the application of collateral estoppel. *See Arizona v. California*, 530 U.S. 392, 414 (2000); *McCart v. Jordana (In re Jordana)*, 232 B.R. 469, 476 (10th Cir. BAP 1999) *aff'd*, No. 99-6194, 2000 WL 783401 (10th Cir. June 20, 2000) (unpublished disposition); Restatement (Second) of Judgments § 27 cmt. 2 (1982). Several circuit courts, including the Tenth Circuit, have recognized an exception to this general rule "where the losing party has had a full and fair opportunity to participate in the previous litigation, but has engaged in serious obstructive conduct resulting in a default judgment." *In re Jordana*, 2000 WL 783401, at *1; *Wolstein v. Docteroff (In re Docteroff)*, 133 F.3d 210 (3d Cir. 1997); *Bush v. Balfour Beatty Bahamas, Ltd. (In re Bush)*, 62 F.3d 1319 (11th Cir. 1995); *FDIC v. Daily (In re Daily)*, 47 F.3d 365 (9th Cir. 1995) (applying federal principles of collateral estoppel). *See also Pahlavi v. Ansari (In re Ansari)*, 113 F.3d 17 (4th Cir. 1997); *Gober v. Terra + Corp. (In re Gober)*, 100 F.3d 1195 (5th Cir. 1996) (applying state court principles of collateral estoppel). Whether a debtor's participation is extensive or abusive enough to take the case out of the general rule requires the court to consider the facts and circumstances of the particular case.

Predictably, the parties' assessments of the facts and circumstances in this case differ considerably. Plaintiffs contend that this is not a classic case of default judgment in which the district court entered default due solely to Ms. Sukut's failure to answer the complaint. While Plaintiffs do not allege that Ms. Sukut engaged in obstructive behavior, they contend that her refusal to participate, despite the numerous opportunities afforded to her, causes this default judgment to fall into the exception to the general rule. They point out her refusal to cross examine witnesses or offer testimony in the evidentiary hearing and her decisions to not submit supplemental briefing, to not object to the Recommendation, to not participate in the relief from stay hearing, and to not attend the district court's hearing regarding the entry of final judgment. Ms. Sukut maintains that she did not participate in the district court extensively and, therefore, this is merely a classic default judgment that should not be given preclusive effect under the general federal rule.

This Court is guided in its determination by an examination of the facts of the circuit

5

court decisions referred to above. In *Jordana*, the debtor did not simply default at the outset of the litigation, but rather "significantly participated in the litigation and engaged in serious obstructive behavior for more than two years before the default judgment was entered as a sanction." *In re Jordana*, 2000 WL 783401, at *2. The debtor in *Jordana* retained counsel, filed an answer, filed documents with the court, and refused to participate in discovery. His serious obstructive behavior included absconding with an original deposition transcript, refusing to cooperate in discovery, and failing to adhere to warnings from the district court. In *Docteroff*, the debtor filed an answer, noticed a deposition, engaged counsel, filed papers with the court, corresponded with opposing counsel, and then "decided to frustrate orderly litigation by willfully obstructing discovery." *In re Docteroff*, 133 F.3d at 215. In *Bush*, the debtor actively participated in litigation for three years. He engaged counsel, filed an answer, and filed a response to opposing counsel's motion for sanctions. He also "engaged in dilatory and deliberately obstructive conduct" by failing to appear at a deposition and at court hearings and by failing to cooperate in discovery. *Bush*, 62 F.3d at 1324. In *Daily*, the debtor "actively participated in the litigation, albeit obstructively, for two years before the judgment was entered against him." *Dailey*, 47 F.3d at 368. The debtor in *Daily* had engaged counsel and filed an answer. The court entered default judgment as a sanction for his refusal to participate in discovery. In *Ansari*, the state court entered default judgment against Ansari as a discovery sanction after multiple depositions had been taken, after many documents had been exchanged, and after many hearings had been conducted in which Ansari appeared either in person or by counsel. *In re Ansari*, 113 F.3d at 21.

Plaintiffs rely on *Pacific Energy & Minerals, Ltd. v. Austin (In re Austin)*, 93 B.R. 723 (Bankr. D. Colo. 2003). In *Austin*, the debtor engaged counsel and filed an answer, a counterclaim and a motion to continue the trial prior to filing for bankruptcy protection. The bankruptcy court "designated opportunities to have the issues raised by the Plaintiff tried in state court" by entering an order granting relief from stay and an order of abstention. *In re Austin*, 93 B.R. at 729. At trial in the state court, the debtor consented to the entry of a default judgment against him. The Court acknowledges some similarities between *Austin* and this case. In both cases, the non-bankruptcy forum entered clear and certain findings. In both cases, the bankruptcy court granted relief from stay to allow the entry of a final judgment. In both cases, the debtor was afforded an evidentiary hearing before default entered. In spite of these similarities, the facts in Austin are very different. In *Austin*, the parties had completed all pleadings and discovery in the state court action. They had completed all pre-trial procedures and preparation before the default entered. The debtor extensively and significantly participated in the state court litigation. Ms. Sukut's limited participation in district court stands in stark contrast.

It also differs significantly from each of the circuit cases above, in which the courts affirmed the entry of a default judgment post-answer as a discovery sanction. The circuit courts found that the defendants had not only significantly participated in the litigation, but had also engaged in obstructive behavior in the discovery process. In this case, Ms. Sukut did not meaningfully participate in the prior federal action in any fashion, let alone in an obstructive manner. She never filed an answer or any other document, never retained counsel, and never

6

participated in discovery. Her only participation was her appearance at the evidentiary hearing on the default judgment motion, at which she spoke no more than ten words. This is a case in which Ms. Sukut defaulted at the outset and gave up, allowing the judgment to be entered against her. By way of contrast, in this adversary, she has retained counsel and has filed both an answer and a cross motion for summary judgment. She appears motivated to defend in this non-dischargeability action.

## III. Conclusion

Based on the facts and circumstances of this case, construed in a light most favorable to the opposing party, the Court concludes that Ms. Sukut's limited participation and non-obstructive behavior in the district court do not support the application of collateral estoppel. Accordingly, this Court

ORDERS that Plaintiffs' motion for summary judgment is DENIED.

FURTHER ORDERS that a status conference shall be held at 10:00 a.m. on Thursday, September 21, 2006, in Courtroom F to consider how the parties wish to proceed in this matter, including a discovery and briefing schedule on the remaining issues raised in the Defendant's cross motion for summary judgment. Parties wishing to appear by telephone shall call 720-904-7499 **immediately before** the scheduled time of the hearing. The Meeting I.D. for the conference call is 1122, followed by the # sign. Please state your name clearly. If the hearing has not yet begun, you will hear hold music. Please stay on the line until the court operator takes the roll call and the hearing begins. The Court will not contact parties by telephone. **If a party has not called in to the conference line or is not present in court, it will be deemed a failure to appear.** USE OF A CELLULAR TELEPHONE IS NOT PERMITTED AT THIS TIME DUE TO TECHNICAL DIFFICULTIES IT CREATES WITH THE COURT'S CONFERENCE CALL EQUIPMENT. PLEASE USE A LAND LINE.

DATED this 28th day of August, 2006.

BY THE COURT:

Elizabeth E. Brown
United States Bankruptcy Judge